**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 26, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHASE CORBIN COLLINS,

　　　　　Plaintiff–Appellant,

　　　v.

DON JORDAN, Secretary, Kansas
Department of SRS, in his official
capacity; the KANSAS ATTORNEY
GENERAL,

　　　　　Defendants–Appellees.

No. 11-3072

(D.C. No. 5:10-CV-03109-SAC)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Plaintiff Chase Collins, a Kansas state prisoner, filed this § 1983 action

alleging he had been denied a copy of a psychological evaluation filed in his 2003

state court civil commitment proceeding as a sexually violent predator under the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Kansas Sexually Violent Predator's Act ("KSVPA"). He also alleges he was unlawfully denied access to an attorney during his annual KSVPA reviews from 2003 to 2008. Upon review of his complaint, the district court concluded Mr. Collins' allegations of constitutional error should be pursued under a petition for habeas corpus rather than under § 1983. The court also determined Mr. Collins must first exhaust his state court remedies, observing that it had previously admonished Mr. Collins in 2008 to first file a state habeas petition under K.S.A. §60-1501 before filing a habeas petition in federal court. The court finally noted that § 1983 cannot provide relief for any violations of state law Mr. Collins may allege. It first ordered Mr. Collins to show cause why his complaint should not be dismissed as stating no claim upon which relief could be granted under § 1983. Upon review of Mr. Collins' response, the court dismissed Mr. Collins' complaint for failure to state a claim and concluded a habeas petition would be the appropriate remedy once Mr. Collins had exhausted his state remedies.

We review the court's dismissal of Mr. Collins' complaint de novo. In this case, however, we agree with the district court's reasoning. Section 1983 is an appropriate forum to challenge conditions of confinement, but habeas is the appropriate vehicle for relief from the confinement itself. *See* 28 U.S.C. § 2254(a); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

-2-

conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Since Mr. Collins argues that violations of his due process rights necessarily compel his release from all further commitment under the KSVPA, § 1983 is not the proper forum for his allegations. Mr. Collins' request for appointment of counsel in support of this complaint is similarly denied as moot.

We therefore AFFIRM for substantially the same reasons stated by the district court in its order to show cause and its later order dismissing Mr. Collins' complaint without prejudice. Because the district court granted Mr. Collins' earlier motion to proceed *in forma pauperis*, his motion for IFP filed with this appeal is denied as moot. Appellant is reminded of his obligation to continue making partial payments of the appellate fees.

Entered for the Court


Monroe G. McKay
Circuit Judge